# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| FRANCES DU JU,<br><br>              Plaintiff,<br><br>    v.<br><br>MAURICE LACOMBE, et al.,<br><br>              Defendants. | CASE NO. C18-5309 BHS<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGEMENT AND DENYING PLAINTIFF'S MOTION FOR DEFERMENT AS MOOT |

This matter comes before the Court on Plaintiff Frances Du Ju's ("Ju") motion asking the Court to deny or disregard a notice of unavailability filed in the docket, Dkt. 67, and Ju's motion for entry of final judgment as to fewer than all parties, Dkt. 70. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby and denies as moot the motion involving the notice of unavailability and grants in part the motion for entry of final judgment for the reasons stated herein.

## I.    FACTUAL & PROCEDURAL HISTORY

On April 20, 2018, Ju filed a complaint asserting various causes of action against Defendants Washington State, John/Jane Doe employees of the Court of Appeals, Division II, Maurice Lacombe ("Lacombe"), and Airbnb, Inc. Dkt. 1. Ju's claims against Washington State and the John/Jane Doe employees (collectively referenced in prior

orders and hereinafter as "State Defendants") and Lacombe are based on factual allegations arising from an unlawful detainer action in the state superior court, which entered a judgment adverse to Ju, and a subsequent appeal affirming the judgment.

On December 5, 2018, the Court issued an order granting the State Defendants' motion to dismiss based on judicial and sovereign immunity and for lack of subject-matter jurisdiction. Dkt. 54.[1] The Court also concluded that any amendment of Ju's claims against the State Defendants would be futile and dismissed the claims against the State Defendants with prejudice. *Id.* at 13. On January 25, 2019, the Court denied Ju's motion for reconsideration. Dkt. 62.

On March 27, 2019, Lacombe filed a notice of unavailability in the docket indicating his unavailability between April 4 and April 23, 2019. Dkt. 66 ("it is requested that any action taken in this case would be scheduled or deferred accordingly."). On April 4, 2019, Ju filed a motion "to Deny Defendant Lacombes [sic] Request for Deferment." Dkt. 67. Lacombe did not respond.

On April 19, 2019, the Court denied a motion to dismiss brought by Lacombe. Dkt. 69. In that order, Dkt. 69, the Court construed Ju's response to the motion to dismiss as a request for leave to amend her complaint, *see* Dkt. 61 at 9, 11–13, which the Court granted, Dkt. 69 at 2–4. To the extent that Ju sought to add to or clarify her claims against the already-dismissed State Defendants, the Court denied leave to amend. *Id.* at 2. The

---

[1] The Order also compelled Ju and Defendant Airbnb to arbitration, staying discovery between the parties in the interim. Dkt. 54 at 13–14. Ju does not seek to disturb or otherwise address that order through the instant motion.

Court explained that it was granting leave to amend the complaint against the remaining defendants (Lacombe and Airbnb) because the factual basis for Ju's claims against these defendants was confusing, leaving the Court unable to assess subject-matter jurisdiction. *Id.* at 4 ("it is unclear whether amendment of these claims would be futile."). As a result, the Court ordered Ju to file an amended complaint explaining how Lacombe had specifically interfered with her rights on each claim brought against him by May 3, 2019. *Id.*

On April 30, 2019, Ju moved for entry of final judgment under Fed. R. Civ. P. 54(b) of the Court's Order Dismissing State Defendants, Dkt. 54, and Order Denying Motion for Reconsideration, Dkt. 62. Dkt. 70. Ju also sought leave to stay the filing deadline of the amended complaint. *Id.* at 2. On May 13, 2019, the State Defendants responded. Dkt. 72. The State Defendants "do not object to entry of a final judgment . . . as to the dismissal of the claims against the State Defendants." *Id.* However, the State Defendants "object to any amendment of the complaint that includes claims against the State Defendants." *Id.*

On May 15, 2019, Lacombe responded. Dkt. 73. On May 16, 2019, Ju replied.[2]

## II. DISCUSSION

**A.  Motion for Entry of Final Judgment**

"When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but

---

[2] The Court grants Ju's motion to strike Lacombe's untimely response.

fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). An order of dismissal with prejudice is a final order. *Wakefield v. Thompson*, 177 F.3d 1160, 1162 (9th Cir. 1999). The determination of whether "there is any just reason for delay . . . is left to the sound judicial discretion of the district court." *Curtiss-Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 8 (1980).

In this case, the claims against the State Defendants have been finally adjudicated. *See* Dkt. 54 (Order Granting State Defendants' Motion to Dismiss with Prejudice; Dkt. 62 (Order Denying Motion for Reconsideration). Ju argues that there is no just reason to delay in entering final judgment on the Court's dismissal with prejudice of the State Defendants. The Court finds that is no just reason to delay appellate review of the Court's dismissal of the claims against the State Defendants because the State Defendants do not oppose final judgment. Dkt. 72. Moreover, in dismissing the claims against the State Defendants with prejudice the Court relied in part on the doctrines of sovereign and judicial immunity. Dkt. 54. If another appeal is later taken by Ju or one of the remaining defendants, who are not state actors, that appeal is unlikely to necessitate repeat analysis of the sovereign and/or judicial immunity issues. Therefore, the Court grants Ju's unopposed motion for entry of final judgment in favor of the State Defendants.

Ju also seeks to stay the filing deadline for the amended complaint against Lacombe until the parties submit briefing to the Ninth Circuit, presumably referring to the parties on the appeal that Ju plans to take against the State Defendants once this Court enters an order of finality. Dkt. 70 at 2. Ju believes that an amended complaint omitting causes of action against the State Defendants will "confuse and mislead the 9th Circuit

Court; and jeopardize the appeal and the legality of an amended Complaint." *Id.* at 10. The Court disagrees because, as stated in its order requiring Ju to file an amended complaint, "the Court is unable to evaluate the legal sufficiency of its jurisdiction because Ju's complaint does not plausibly show *how* Lacombe allegedly acted in interference with Ju's rights on each claim, entitling her to relief. Dkt. 69 at 4 (citing *Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 555–56 (2007) (emphasis in original). Ju does not explain how the Court's requirement that she file an amended complaint omitting causes of action against the already-dismissed State Defendants will jeopardize (1) the Circuit's review of the Court's grant of the State Defendants' motion to dismiss based on the original complaint; or (2) the legality of the amended complaint. Therefore, Ju's request to stay the filing deadline for the amended complaint is denied.[3]

**B.      Motion to Disregard or Deny Lacombe's Notice of Unavailability**

Lacombe previously noticed his unavailability between April 4 and April 23, 2019. Dkt. 66. Ju moved the Court to "deny Mr. Lacombe's Order-like Notice of a 20-day deferment."). Dkt. 67. The Court declines to grant the motion. It is common for litigants to periodically file notices of unavailability in court dockets as a professional courtesy to opposing counsel and the court. *See Luyster v. Bishop, et al.*, No. 18-6022BHS-TLF, Dkt. 22 (Notice of Unavailability filed June 21, 2019); *Chavez-Flores v. United States Immigration and Customs Enforcement, et al.*, No. 18-5139BHS-DWC, Dkt. 189 (Notice of Unavailability filed June 21, 2019). Moreover, during the period in

---

[3] Ju also requested additional time to complete the filing. Dkt. 70 at 10. The Court grants this request as specified in its order.

which Lacombe was unavailable the Court issued an order addressing Lacombe's motion to dismiss, showing that the notice did not delay the proceedings. Dkt. 69 (entered April 19, 2019). Therefore, Ju was not prejudiced by Lacombe's filing of a notice of unavailability in the docket even if the Court had construed the notice as a motion for the Court to defer or stay action during Lacombe's unavailability, which the Court did not do. Because the Court acted on the motion during Lacombe's unavailability and because it is now the end of June, the motion is denied as moot.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Ju's motion for entry of final judgment as to the State Defendants, Dkt. 70, is **GRANTED** and Ju's motion regarding Lacombe's notice of unavailability, Dk. 67, is **DENIED**.

The Clerk shall enter **JUDGMENT** in favor of the State Defendants.

Ju shall file an amended complaint by **July 30, 2019**, pursuant to the Court's directive found at page four of Dkt. 69.

Dated this 28th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge