UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANCES DU JU,

                    Plaintiff,

     v.

MAURICE LACOMBE and AIRBNB, Inc,

                 Defendants.

CASE NO. C18-5309 BHS

ORDER DENYING PLAINTIFF'S MOTIONS TO VACATE AND FOR DEFAULT, GRANTING DEFENDANT AIRBNB'S MOTION TO CONFIRM ARBITRATION AWARD, AND GRANTING DEFENDANT LACOMBE'S MOTION TO DISMISS

This matter comes before the Court on Defendant Airbnb, Inc's ("Airbnb") motion to confirm arbitration award and enter judgment, Dkt. 77, Plaintiff Francis Du Ju's ("Ju") motion to vacate arbitration award, Dkt. 79, Defendant Maurice Lacombe's motion to dismiss, Dkt. 88, and Ju and Airbnb's cross motions for default, Dkts. 90, 91. The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as stated below.

## I.    FACTUAL & PROCEDURAL BACKGROUND

### A.    The Parties & the State Proceedings

On April 20, 2018, Ju filed a complaint asserting numerous causes of action against Defendants the State of Washington and John/Jane Doe Employees of the Court

of Appeals, Division II ("COA"), Lacombe, and Airbnb. Dkt. 1. Ju's claims arise from a landlord-tenant dispute and subsequent judicial actions involving that dispute. *Id.*

In short, Ju rented a room from Lacombe in Vancouver, Washington through Airbnb's rental platform. Dkt. 1. During Ju's stay she and Lacombe disagreed about various issues typical of a landlord-tenant relationship, such as rent payment and amenity availability, and somewhat atypical issues, such as Lacombe's alleged patronization of sex workers. *Id.* Ju's occupancy of Lacombe's premises continued for months, and he ultimately obtained a judgment evicting her through an unlawful detainer action filed in Clark County Superior Court for the State of Washington. *Id.* Ju appealed the judgment to the COA, where she raised additional claims relating to an alleged docketing conspiracy perpetrated by Lacombe and court clerk employees. *See Lacombe v. Ju*, 200 Wn. App. 1028 (2017) (unpublished). The COA affirmed. *Id.* Ju then commenced her suit here.

**B.      Procedural History**

On December 5, 2018, the Court issued an order granting a motion to dismiss based on judicial and sovereign immunity and lack of subject-matter jurisdiction brought by the State and the John/Jane Doe court employees (collectively referenced in prior orders and hereinafter as the "State Defendants"). Dkt. 54. The Court concluded that any amendment of Ju's claims against the State Defendants would be futile because she attempted a de facto appeal prohibited by the *Rooker-Feldman* doctrine. *Id.* The Court dismissed the claims against the State Defendants with prejudice. *Id.* at 13. On June 28, 2019, the Court entered judgment in favor of the State Defendants. Dkt. 76.

### 1.  Arbitration

The Court's December 5, 2018 Order also granted a motion to compel arbitration brought by Airbnb. *Id.* at 13–14. The Court concluded that a valid arbitration agreement existed between Ju and Airbnb and that the agreement applied to Ju's claims. *Id.* The Court stayed litigation between Ju and Airbnb until arbitration was "completed." *Id.* at 14.

On July 17, 2019, Airbnb filed the instant motion to confirm the arbitration award and enter judgment dismissing all claims with prejudice. Dkt. 77. Airbnb describes the arbitration proceedings as follows:

> Shortly after Airbnb filed its Motion to Compel Arbitration, Ms. Du Ju settled all claims with Airbnb. Nonetheless, Ms. Du Ju still commenced arbitration proceedings with the American Arbitration Association on February 22, 2019. In those proceedings, Airbnb filed a dispositive motion based, in part, on the parties' settlement.

> The Arbitrator, having considered the parties' fully briefed arguments, granted Airbnb's dispositive motion on July 7, 2019, and issued a final written arbitration Award. The Award concluded that "Claimant's claims are dismissed as previously settled and therefore the Arbitrator does not award damages, fees, costs or expenses to her." The Award has not been modified, corrected, or vacated. Ms. Du Ju has not served any notice of a motion to vacate, modify, or correct the arbitration award, but has said informally in an email and letter that she plans to seek clarification of the Award and/or file a motion to vacate under 9 U.S.C. § 10(a)(3).

Dkt. 77 at 2 (internal citations omitted). The day after Airbnb filed its motion to confirm the arbitration award, Ju filed a motion to vacate it. Dkt. 79. On July 29, 2019, Airbnb responded to Ju's motion, Dkt. 82, and Ju responded to Airbnb's motion, Dkt. 83. On August 1, 2019, Airbnb replied to Ju's motion. Dkt. 85. On August 2, 2019, Ju replied to Airbnb's motion. Dkt. 86.

### 2. Motion to Dismiss

On April 19, 2019, the Court issued an order ("the April 19 Order") denying a motion to dismiss brought by Lacombe for procedural error. Dkt. 69. Within the April 19 Order, the Court construed Ju's response as a request for leave to amend her complaint, *see* Dkt. 61 at 9, 11–13, which the Court granted, Dkt. 69 at 2–4. To the extent that Ju sought to add to or clarify her claims against the already-dismissed State Defendants, the Court denied leave to amend. *Id.* at 2. The Court explained that it was granting leave to amend against the remaining defendants (Lacombe and Airbnb) because the factual basis for Ju's claims against these defendants was confusing, leaving the Court unable to assess subject-matter jurisdiction. *Id.* at 4. As a result, the Court ordered Ju to file an amended complaint by May 3, 2019 that specifically explained *how* Lacombe allegedly acted in interference with her rights on each claim. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 555–56 (2007). Because Airbnb and Ju had been compelled to arbitration when the April 19 order issued, the Court explained in a footnote that "[t]he litigation stay between Ju and Airbnb remains operative should the amended complaint require a responsive pleading from Airbnb." Dkt. 69 at 4 n.3.

The Court approved an extension of the deadline for Ju's amended complaint, and on July 30, 2019, Ju filed an amended complaint ("FAC") asserting claims against Airbnb and Lacombe. Dkt. 84. On August 9, 2019, Lacombe filed a motion to dismiss the FAC. Dkt. 88. On September 3, 2019, Ju responded. Dkt. 89. Lacombe did not reply.

### 3. Cross-Motions for Default

On September 5, 2019, Ju moved for default judgment against Airbnb because Airbnb did not respond to the FAC. Dkt. 90. Also on September 5, 2019, Airbnb responded, moved for default, moved to strike Ju's motion, and requested fees and costs associated with its filing. Dkt. 91. Also on September 5, 2019, Ju replied. Dkt. 92.

## II. DISCUSSION

Airbnb moves to confirm the arbitration award and for entry of judgment dismissing all claims against it with prejudice. Dkts. 77, 91. Ju moves for an order vacating the arbitration award, Dkt. 79, and for entry of default against Airbnb, Dkt. 90. Lacombe moves to dismiss the FAC. Dkt. 88.

### A. Arbitration & Default Judgment

### 1. Motions to confirm and to vacate arbitration award

Under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, a Court must confirm an arbitration award when a controversy has been arbitrated pursuant to a valid arbitration provision and the award has not been vacated, modified, or corrected. FAA § 9. In this case, the Court previously found that a valid arbitration provision existed and compelled the parties to arbitration. Dkt. 54 at 13–14. The arbitrator in that proceeding issued an award dismissing all claims against Airbnb. Thus, this Court must confirm the award subject to Ju's motion to vacate it. FAA § 9.

Airbnb filed a dispositive motion in the arbitration based in part on Ju's alleged settlement of claims against Airbnb prior to the arbitration's commencement. Dkt. 79, Declaration of Kathleen C. Bricken, at 3–6. In response, Ju asserted that the settlement

agreement was not valid because she sent a letter to this Court advising of the settlement, asking for approval of it, and requesting issuance of a settlement order, which the Court took no action on. *Id.* at 4. The arbitrator issued a written order ruling on the settlement issue as follows:

**Decision on Dispositive Motion.** Airbnb's motion to dismiss is granted, and Ms. Du Ju's claims are dismissed on the grounds that she settled all of her claims against Airbnb.

The validity and enforceability of a settlement agreement are determined by reference to the substantive law of contracts. *Stottlemyre v. Reed*, 35 Wn. App. 169, 665 P.2d 1383 (1983). *Accord*, *Veith v. Xterra Wetsuits, LLC*, 144 Wn. App. 362, 183 P. 3d 334 (2008). A contract exists when the parties' intention is plain and the terms of a contract are agreed upon, even if one or both parties contemplate later execution of a writing. *Id.*

Here, Ms. Du Ju made an offer of settlement to Airbnb. (Bricken Decl. Ex. D.) She specified the manner and time of acceptance. *Id.* Airbnb responded as specified, before the expiration of the offer, and unequivocally accepted the offer of settlement. *Id.* There was consideration; namely mutual agreements that each party would bear her or its own attorneys' fees and costs in connection with litigation prior to the settlement. *Id.* There was, therefore, a settlement.

The settlement was not conditioned on a writing, and in any event, Ms. Du Ju took the position that a writing prepared by Airbnb's counsel was "exactly the same as what I told the Honorable Benjamin H. Settle in my 8/23/18 letter." Response to Respondent Airbnb Inc.'s Dispositive Motion to Dismiss Claimant's Action as a Matter of Law ("Response"), Ex. 1 at 5.

Ms. Du Ju does not dispute that there was a settlement. *See* Response at 1-2, 11. In fact, she agrees that there was a settlement. *Id.* Instead, she argues that the United States District Court did not approve it and that the Court's referral to arbitration precludes such a determination of settlement. Response at 5. But the settlement agreement itself was not conditioned upon court approval, *see* Bricken Decl. Ex. D, and Ms. Du Ju has not established that there was any applicable external, legal requirement for court approval. As Airbnb argues, citing *Pugh v. Evergreen Hosp. Med. Ctr*, 177 Wash. App. 348, 356 (2013), this is not a special case, like a class action, where court approval would be required to settle.

Dkt. 78-8 at 4.

In her response to Airbnb's motion to confirm the award, Ju argues the award should be vacated because the arbitrator (1) failed to include findings of fact or conclusions of law and issued only a "memorandum" decision; (2) overtly disregarded applicable law; (3) unfairly failed to consider Ju's reply and surreply; and (4) wrongly decided the settlement issue. Dkt. 83 at 1–3. In her motion to vacate the award, Ju argues that the arbitrator acted with manifest disregard of the law for similar reasons. Dkt. 79.

Section 10 of the FAA permits vacatur when arbitrators refused "to hear evidence pertinent and material to the controversy" or are guilty of misbehavior which prejudiced a party's rights, or "where the arbitrators exceeded their powers." FAA §§ 10(a)(3)–(4).[1] An arbitrator exceeds her power for purposes of § 10(a)(4) when she "act[s] outside the scope of the parties' contractual agreement." *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 830 (9th Cir. 1995). An award is outside the scope of the agreement when it is "completely irrational" or exhibits a "manifest disregard of the law." *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1290 (9th Cir. 2009) (citing *Kyocera Corp. v. Prudential–Bache T Servs.*, 341 F.3d 987, 997 (9th Cir. 2003) (en banc) (internal quotations omitted)). "'Manifest disregard of the law' means something more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010) (citing *Mich. Mut. Ins. Co.*, 607 F.3d at 832)). To confirm an arbitration award, courts need only determine that the arbitrators' interpretation of the agreement was plausible.

---

[1] Section 10 provides two alternate bases on which courts may vacate an arbitration award, neither of which Ju raises in her motion. FAA §§ 10(a)(1)–(2); *see also* Dkts. 79, 83 at 6.

*Lagstein*, 607 F.3d at 643 (citations omitted); *see also McKesson Corp. v. Local 150 IBT*, 969 F.2d 831, 834 (9th Cir. 1992).

Upon review, the Court concludes that Ju fails to establish that the arbitrator refused to hear pertinent evidence or committed prejudicial misbehavior sufficient to vacate the award under § 10(a)(3). For example, although Ju claims that the arbitrator refused to consider her reply and surreply, the arbitrator's written order states that the dispositive motion was "fully briefed" and that she had "fully reviewed and considered the written documents submitted to [her] by Claimant Frances Du Ju, pro se, and Respondent Airbnb, Inc." Dkt. 79-8 at 1. Moreover, while Ju contends that she had insufficient time to respond to the dispositive motion under the Federal Rules of Civil Procedure, Dkt. 79 at 8–9, she fails to establish that the agreement required the arbitrator to follow those rules. The Court declines to vacate the award under § 10(a)(3) based on unfounded allegations of prejudicial misbehavior.

The Court also declines to vacate the award under § 10(a)(4). First, the arbitrator's determination that the question whether settlement occurred was within the scope of the agreement was plausible. Dkt. 79-8 at 4 (reasoning that provision that any dispute, claim or controversy arising out of the terms of service is arbitrable encompassed Airbnb's defense that all claims had been settled). Nothing in the Court's December 5, 2019 order compelling the parties to arbitration rendered moot the settlement that the arbitrator later determined the parties had reached while Airbnb's motion to compel was still pending.

Second, the Court declines to substitute Ju's belief that settlement was not reached for the reasoned decision of the arbitrator. Ju argues that the agreement never became

final and cites authority identified by the arbitrator in reaching the decision that it was. Dkt. 79 at 3–7. Ju, however, merely disagrees with the arbitrator's conclusion reached after considering relevant and applicable law. She fails to identify how the arbitrator's conclusion constituted error greater than a failure to understand or apply the law. She also fails to demonstrate how the arbitrator exceeded her powers by going beyond the scope of the agreement. Thus, she has not established that the award was completely irrational or exhibited a manifest disregard for the law. *Comedy Club, Inc.*, 553 at 1290 (citing *Kyocera Corp.*, 341 F.3d at 997 (9th Cir. 2003) (internal quotations omitted)). Therefore, the Court declines to vacate the award under § 10(a)(4).

In sum, Ju's motion to vacate the award, Dkt. 79, is denied. Because the award issued pursuant to a valid arbitration agreement has not been corrected, modified, or vacated, Airbnb's motion to confirm the award, Dkt. 77, is granted. FAA § 9.

## 2.  Motion for Default Judgment

Subject to its motion to confirm the arbitration award, Airbnb asks the Court to enter judgment dismissing all claims against it with prejudice. Dkt. 77. However, in September 2019 Ju moved for entry of default against Airbnb for its failure to respond to the FAC. Dkt. 90. Ju argues that default is appropriate because (1) the litigation stay ended when arbitration was complete, which occurred when the arbitrator issued the award on July 11, 2019, (2) Airbnb resubmitted itself to the Court's jurisdiction on July 17, 2019, when it filed its motion to confirm the award, (3) the FAC was filed on July 30, 2019, and (4) Airbnb failed to plead or respond to the FAC by August 13, 2019, the deadline required by Fed. R. Civ. P. 15(a)(3). Dkts. 90, 92.

Rule 15(a)(3) provides that any required response to an amended pleading must be made within 14 days of service of the amended pleading unless a court otherwise orders. Fed. R. Civ. P. 15(a)(3). In this case, the Court anticipated that requiring Ju to file an amended complaint during the litigation stay could potentially cause confusion over Airbnb's responsibility to respond. To address this potential confusion, the Court clarified in the April 29 order that "the litigation stay between Ju and Airbnb remains operative should the amended complaint require a responsive pleading from Airbnb. Ju and Airbnb remain under obligation to inform the Court when arbitration is complete." Dkt. 69 at 3 n.3. Thus, the Court exempted Airbnb from Rule 15(a)(3)'s 14-day responsive deadline by ordering that Airbnb did not have to respond to the FAC.

Still, the crux of Ju's argument is that she filed the FAC on July 30, 2019, after arbitration was complete, and so the Court's April 29 order did not excuse Airbnb's failure to respond. Dkt. 90. She is also correct that the Local Rules do not permit a party who has filed a motion, here, Airbnb's motion to confirm the award, to assume the Court will grant its motion. Dkt. 92 at 2 (citing Local Civil Rules W.D. Wash LCR 7(j)). While Ju's motion is not meritless, because arbitration was indeed complete when she filed the FAC, the Court declines to enter default against Airbnb for two reasons.

First, the Court explicitly stated that Airbnb was not required to respond to the FAC. Dkt. 69 at 3 n.3. It was reasonable for Airbnb to continue to rely on this directive after arbitration ended because Airbnb achieved complete success at that proceeding— namely, an award confirming that the parties had reached settlement with Ju agreeing to dismiss all claims against Airbnb. Dkt. 78-1 ("Claimant's claims are dismissed as

previously settled . . . ."). Airbnb's motion to confirm the award, and Ju's motion to vacate it, were ripe for consideration well before Ju moved for default on claims she knew the award had dismissed. Ju does not have a right to entry of default simply because Airbnb did not respond to the FAC after the arbitration award dismissed her claims as previously settled.

Second, the Court never authorized Ju through any of its orders to circumvent the arbitration proceedings or resume litigation against Airbnb after arbitration was complete. Although the Court regrets the lack of clarity on this issue, the April 29 Order makes clear that the primary subject of the Court's concern was the sufficiency of Ju's allegations against Lacombe as the only remaining "active" defendant. *See, e.g.*, Dkt. 69 at n.2, n.3, 4 (requiring FAC to include short and plain statements demonstrating how Lacombe allegedly conspired, participated in, or otherwise violated Ju's rights). Consequently, Ju's motion for default is denied.[2]

The Court, however, declines Airbnb's request to strike Ju's motion or award attorney's fees and costs incurred in responding to it. Dkt. 91. Because arbitration was complete when Ju filed the FAC and moved for default, her argument was not entirely frivolous. Moreover, Airbnb fails to provide legal authority for either request. Thus, the Clerk shall enter judgment dismissing Ju's claims against Airbnb with prejudice but not award fees or costs.

---

[2] Because the Court grants Airbnb's motion to confirm the arbitration award as stated above, Airbnb's cross-motion for default, Dkt. 91, is denied as moot.

**B.       Motion to Dismiss**

The Court previously granted Ju leave to amend because it was "unable to evaluate the legal sufficiency of its jurisdiction" without clarity regarding "*how* Lacombe allegedly acted in interference with Ju's rights on each claim, entitling her to relief." Dkt. 69 at 4 (citing *Twombly*, 540 U.S. at 555–56 (emphasis in original)). Lacombe moves to dismiss the FAC for (1) failure to state a claim and (2) lack of jurisdiction. Dkt. 88.

**1.       Legal Standards**

**a.       12(b)(1)**

A federal court may not adjudicate matters in which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A district court lacks subject matter jurisdiction to hear a direct appeal from the final judgment of a state court, because the United States Supreme Court "is the only federal court with jurisdiction to hear such an appeal." *Noel v. Hall*, 341 F. 3d. 1148, 1154 (9th Cir. 2003); *see also* 28 U.S.C. § 1257. The doctrine known as *Rooker-Feldman* prevents "state court losers complaining of injuries caused by state-court judgments" from seeking relief from those judgments before the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 288 (2005). In practice, *Rooker-Feldman* comes into play when a disappointed party seeks "not a formal direct appeal, but rather its de facto equivalent." *Hall*, 341 F. 3d. at 1155. In determining whether a federal suit improperly functions as a de facto appeal, the court pays "close attention to the relief sought" by the plaintiff. *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (internal citations omitted). When a federal district court determines that a de facto appeal of a state court decision is before it, it must refuse to hear the appeal.

*Hall*, 341 F.3d. at 1158. After refusing to hear the appeal, the district court must also refuse to decide any remaining issues if they are "inextricably intertwined" with an issue resolved by the state court decision. *Id.* at 1158.

### b.    12(b)(6)

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### 2.    Merits

The FAC alleges 16 claims against Lacombe as follows: (1) violation of the Seventh Amendment; (2) violation of the Fourteenth Amendment; (3) violation of Article I, § 3 of the Washington Constitution; (4) violation of Article I, § 21 of the Washington Constitution; (5) deprivation of constitutional rights in violation of 42 U.S.C. § 1983; (6) conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985(3); (7) violation of RCW 59.19.380; (8) violation of RCW 59.12.090; (9) violation of RCW Chapter 49.60; (10) wrongful eviction; (11) breach of contract; (12) violation of RCW Chapter

19.86; (13) retaliation; (14) outrage; (15) ex-parte communication; and (16) civil damages from violation of RCW 9A.88.110. Dkt. 84. The Court concludes that each claim fails under Fed. R. Civ. P. 12(b)(6), 12(b)(1), or both as explained below.

**First Cause of Action**—Violation of the Seventh Amendment

Ju asserts that the Clark County Superior Court deprived her of a jury trial and that the Seventh Amendment authorizes this Court to order a trial on the same issues. FAC ¶¶ 5.1–5.4. But the COA previously considered and rejected her similar claim that the trial court erred by failing to order a trial in the unlawful detainer action. *Lacombe v. Ju*, No. 48992-9-II, 2017 WL 3602080, at *1–3 (Wash. Ct. App. Aug. 22, 2017). Thus, the first cause of action attempts a de facto appeal that this Court lacks jurisdiction to adjudicate.

The first cause of action also fails state a claim. Ju "alleges that [Lacombe] not being ordered to go to trial within 30 days, among other unconstitutional and anti-statute benefits he received, violated the 7th Amendment and RCW 59.18.380." FAC ¶ 5.3. Because Lacombe cannot be liable for the superior court's actions, the first cause of action lacks a cognizable legal theory upon which this Court could grant relief. Therefore, the Court dismisses Ju's first claim.

**Second Cause of Action**—Violation of the Fourteenth Amendment

The second claim asserts that Lacombe violated Ju's right to due process and equal protection of the laws as guaranteed by the Fourteenth Amendment. FAC ¶¶ 6.1– 6.4. Like the first claim, Ju fails to convince the Court that the second cause of action is not a de facto appeal of actions taken by a state court judge. Moreover, by focusing her pleading on the court's actions, she fails to allege a plausible theory of recovery against

Lacombe. *See id.* ¶ 6.2. To the extent she asserts that Lacombe "conspired against and deprived" her of rights protected by the Due Process and Equal Protection Clauses of the Fourteenth Amendment, she fails to plead even a single fact in support of this theory. Thus, the Court dismisses the second claim.

**Third Cause of Action**—Violation of Art. I, § 3 of the Washington Constitution

The third claim asserts a similar due process violation under the Washington Constitution based on Lacombe's "being granted" an "Order for Writ of Restitution, being granted issuance of Findings of Fact and Judgment" in the amount of $3,975, and "not being ordered to go to trial within 30 days . . . ." FAC ¶ 7.2. Like the first and second causes of action, the Court dismisses the third claim based on insufficiency of the pleading and for lack of jurisdiction because it is a de facto appeal.

**Fourth Cause of Action**—Violation of Art. I, § 21 of the Washington Constitution

The fourth claim asserts a deprivation of the right to jury trial under the Washington Constitution. The COA considered this claim, *see Lacombe*, 2017 WL 3602080, at *1–3, and so this Court lacks jurisdiction to hear the functional equivalent of an appeal. Nor can Ju state a claim against Lacombe based on the trial court's actions. Therefore, the Court also dismisses the fourth claim based on insufficiency of the pleading and for lack of jurisdiction.

**Fifth Cause of Action**—Violation of 42 U.S.C. § 1983

Ju alleges that Lacombe is liable under § 1983 because he "subjected, or caused to be subjected, Plaintiff to conduct that occurred under color of the State law; and this conduct deprived Plaintiff of rights, privileges, or immunities guaranteed under the U.S.

Constitution and laws." FAC ¶ 9.2. However, Ju does not explain *how* Lacombe acted under color of law, nor does she describe specific actions that Lacombe took—beyond evicting her through valid legal process—that deprived her of any right, privilege or immunity that the Constitution guarantees. Consequently, the Court dismisses the fifth cause of action for failure to state a claim.

**Sixth Cause of Action**—Violation of 42 U.S.C. § 1983(5)

The sixth claim asserts that Lacombe participated in a conspiracy to prevent or hinder the State from providing Ju with equal protection of the laws. FAC ¶ 10.2. The Court agrees with Lacombe that the claim fails because the FAC "does not identify the act or acts conspired on or with whom Lacombe conspired with." Dkt. 88 at 3. Ju appears to believe this deficiency is due to the Court's requirement that she not include in the FAC claims against the already dismissed State Defendants. The Court wishes to be clear that it is not the omission of the State Defendant's actions that caused the factual deficiencies in the sixth claim against Lacombe and the other claims as stated herein. Instead, the removal of those defendants only reinforces the Court's view that Ju's claims against Lacombe are infirm and lack factual specificity because they are grounded in adverse state court rulings. The sixth claim is dismissed for failure to state a claim and for lack of jurisdiction.

**Seventh Cause of Action**—Violation of RCW 59.18.380

RCW 59.18.380 is a section of Washington's residential landlord-tenant act. By asserting a violation of that statute here, Ju attempts a de facto appeal of the landlord-

tenant issues she presented at the eviction proceeding that was affirmed by the COA. The seventh claim is dismissed for lack of jurisdiction.

**Eighth Cause of Action**—Violation of RCW 59.12.090

RCW 59.12.090 is a section of Washington's unlawful detainer statute. By asserting a violation of that statute here, Ju attempts a de facto appeal of issues presented at the eviction proceeding that were affirmed at the COA. The eighth claim is dismissed for lack of jurisdiction.

**Ninth Cause of Action**—Violation of RCW Chapter 49.60

The ninth cause of action asserts a claim for sexual harassment and/or sex discrimination based on Lacombe's association in his home with African-American women Ju alleges are sex workers. FAC ¶¶ 13.1–13.5. Ju states that she is an Asian-American female who was "forced to interact with those [sex workers] and to share the washer/dryer with" them but fails to explain how Lacombe's hosting guests of another race who use shared laundry facilities constitutes a cognizable claim of discrimination in a public accommodation based on either her race or sex. Moreover, Ju raised her allegations relating to Lacombe's guests before the trial court at the eviction hearing, and therefore the issue is inextricably intertwined with a de facto appeal of that proceeding. The ninth cause of action is dismissed for failure to state a claim and lack of jurisdiction.

**Tenth Cause of Action**—Wrongful Eviction

Like Ju's other claims under the landlord tenant act and unlawful detainer statutes, this claim attempts a de facto appeal of an adverse state court decision. For example, Ju alleges that Lacombe "framed" her for nonpayment of rent while rent was not due based

on their agreement that she could pay at checkout, an issue squarely before the trial judge at the eviction proceeding. The tenth claim is dismissed for lack of jurisdiction.

**Eleventh Cause of Action**—Breach of Contract

This claim asserts that the eviction was unlawful based on Ju and Lacombe's contract. Like Ju's other claims under the landlord tenant act and unlawful detainer statutes, this claim attempts a de facto appeal of an adverse state court decision. The eleventh claim is dismissed for lack of jurisdiction.

**Twelfth Cause of Action**—violation of RCW Chapter 19.86

This claim asserts a violation of Washington's Consumer Protection Act ("CPA") based on Lacombe's failure to provide services, such as internet access, that were promised in the advertisement for the accommodation. FAC ¶ 16.1. However, Ju asserted at the eviction proceeding that Lacombe had violated the CPA based on the diminished value of the accommodation. *See* Opening Brief of Appellant at 3, *Lacombe v. Ju*, 200 Wn. App. 1028 (2017), 2016 WL 8999751, at *5–6. Thus, the CPA issue is inextricably intertwined with Ju's de facto appeal to this Court. The twelfth cause of action is dismissed for lack of jurisdiction.

**Thirteenth Cause of Action**—Retaliation

Ju provides no statute or authority for this claim, but states that after she complained about Lacombe's visitors, he began "making loud noises intentionally and frequently either shortly after midnight when his shift ended or between 1:00 and 2:30 am when he came back from exercise at the gym." FAC ¶ 17.1. Ju has not stated a claim for "retaliation" based on her landlord's allegedly noisy behavior.

To the extent she argues that Lacombe's act of hiring an attorney or filing the unlawful detainer action is retaliation, FAC ¶ 17.4, she attempts an improper federal appeal and fails to articulate a cognizable claim for relief. The thirteenth claim is dismissed for failure to state a claim and lack of jurisdiction.

**Fourteenth Cause of Action**—Outrage

Ju fails to state a claim for intentional infliction of emotional distress. There is not a single allegation against Lacombe in the entire FAC that would support a plausible theory of relief based on outrageous conduct. The fourteenth claim is dismissed.

**Fifteenth Cause of Action**—Ex-parte Communication

Ju alleges that Lacombe "had been given information by the clerk assigned to the case on 'numerous occasions'" and that his alleged ex-parte communications with the COA included "any number of other questions." FAC ¶ 19.1 Yet, she again fails to explain *what* Lacombe's alleged communications were, *why* his receipt of information from the clerk would be improper, and *how* the alleged communications violated any of her rights. Thus, she fails to state a claim based on Lacombe's alleged ex-parte communications.

Moreover, she accused Lacombe of making ex-parte communications in a reply brief filed in the COA, and therefore the issue is inextricably intertwined with her attempt at a de facto appeal. *Lacombe*, 2017 WL 3602080 at *1 n.1. The fifteenth claim is dismissed for failure to state a claim and lack of jurisdiction.

**Sixteenth Cause of Action**—Violation of RCW 9A.88.110

RCW 9A.88.110 is a criminal statute proscribing patronizing sex workers. Ju fails to explain how Lacombe's alleged violation of criminal law entitles her to a civil recovery. The sixteenth cause of action is dismissed for failure to state a claim.

In sum, the Court grants Lacombe's motion to dismiss all claims in the FAC for failure to state a claim, for lack of jurisdiction, or for both as stated above.

### 3. Leave to Amend

The Court previously granted Ju leave to amend. Dismissal of a complaint without leave to amend is proper where it is clear that the complaint could not be saved by amendment. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). Here, Ju's claims constitute an improper appeal of a state court judgment and/or fail to identify specific actions taken by Lacombe that would provide the basis for cognizable relief. Moreover, while a pro se complaint should be liberally construed, the Court will not supply essential elements of a plaintiff's claims. *See Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The FAC makes clear that the gravemen of Ju's claims against Lacombe are actions taken by the state court judges that ruled against her in the unlawful detainer proceeding and on appeal. The Court therefore concludes that any amendment would be futile.

### III. ORDER

Therefore, it is hereby **ORDERED** that Airbnb's motion to confirm arbitration award and enter judgment, Dkt. 77, is **GRANTED**, Ju's motion to vacate, Dkt. 79, and

motion for default, Dkt. 90, are **DENIED**, and Lacombe's motion to dismiss, Dkt. 88, is **GRANTED.** Airbnb's cross motion for default, Dkt. 91, is **DENIED as moot.**

The Clerk shall enter **JUDGMENT** dismissing Ju's claims against Lacombe and Airbnb with prejudice and close this case.

Dated this 18th day of October, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge