UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCES DU JU, <br><br> Plaintiff, <br><br> v. <br><br> MAURICE LACOMBE, AIRBNB, INC., STATE OF WASHINGTON, and JOHN DOE/JANE DOE EMPLOYEES OF THE COURT OF APPEALS, DIVISION II <br><br> Defendants. | CASE NO. 18-cv-5309 BHS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff Frances Du Ju's ("Ju") motion for reconsideration. Dkt. 96. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

# I. BACKGROUND

On April 20, 2018, Ju filed a complaint asserting numerous causes of action against Defendants the State of Washington and John/Jane Doe Employees of the Court of Appeals, Division II (collectively referenced in prior orders and hereinafter as the "State Defendants"), Maurice Lacombe ("Lacombe"), and Airbnb, Inc. ("Airbnb"). Dkt. 1. Ju's claims involve a landlord-tenant dispute with Lacombe regarding a room she rented from him through Airbnb's rental platform and subsequent judicial actions arising from that dispute. *Id.*

On December 5, 2018, the Court issued an order granting a motion to dismiss based on judicial and sovereign immunity and lack of subject matter jurisdiction brought by the State Defendants. Dkt. 54. The Court concluded that any amendment of Ju's claims against the State Defendants was futile because she attempted a de facto appeal of state court decisions prohibited by the *Rooker-Feldman* doctrine. *Id.* The Court dismissed the claims against the State Defendants with prejudice. *Id.* at 13.

On October 18, 2019, the Court issued an order disposing of Ju's remaining claims by granting Lacombe's second motion to dismiss, granting Airbnb's motion to confirm an arbitration award that dismissed all of Ju's claims as previously settled, and denying Ju's motions to vacate the award and for entry of default against Airbnb. Dkt. 95. Relevant to the instant motion, the Court found that Ju's claims against Lacombe were deficient because they either (1) lacked factual specificity or a cognizable legal theory, (2) attempted a de facto appeal of state judicial actions not permitted by the *Rooker-Feldman* doctrine, or (3) failed for both reasons. *Id.* Regarding Airbnb, the

Court found that Ju failed to meet the standard to vacate an arbitration award under sections 10(a)(3)–(a)(4) of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. The Clerk entered judgment dismissing Ju's claims against Lacombe and Airbnb with prejudice the same day. Dkt. 96.

## II. DISCUSSION

Motions for reconsideration are disfavored and will ordinarily be denied "in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h).

Ju has not shown manifest error necessary to disturb the Court's prior finding that each of her claims against Lacombe lack factual specificity, lack a cognizable legal theory upon which relief could be granted, and/or fail as de facto appeals challenging state court decisions under the *Rooker-Feldman* doctrine. Dkt. 94 at 12–21. Nor has she established that this Court committed manifest error when it affirmed the arbitrator's award in Airbnb's favor based on the arbitrator's finding that Ju had settled her claims against Airbnb prior to arbitration. *Id.* at 1–12.  Accordingly, the Court denies her motion for reconsideration.

The Court also declines to consider Ju's request to modify the judgment to "include the service fees of $48 for Airbnb and $55.10 for Mr. Lacombe" pursuant to Fed. R. Civ. P. 4(d)(2). Dkt. 96 at 7. This request for relief is improperly raised in a motion for reconsideration. Even if it were not, Lacombe filed a waiver of service, Dkt. 49, and therefore the Court declines to award Ju costs predicated on his failure to do so.

### III. ORDER

Therefore, it is hereby **ORDERED** that Ju's motion for reconsideration, Dkt. 96, is **DENIED**.

Dated this 5th day of November, 2019.

BENJAMIN H. SETTLE
United States District Judge